## BOARD OF COM'RS. OF HARPER COUNTY v. DAY.

No. 4137.   Opinion Filed January 26, 1915.

Rehearing denied April 27, 1915.

(147 Pac. 1045.)

EMINENT DOMAIN—Condemnation Proceedings—Highways—Petition —Sufficiency. Section 7755, Comp. L. 1909 (section 7553, Rev. L. 1910), provides three methods of invoking the jurisdiction of the board of county commissioners in the matter of establishing a public road in a township off the section lines. The first is by "petition of the townsihp board," the second by petition of "resident freeholders of a township," and the third upon petition of "a majority of the resident freeholders of any municipal township, who are legal voters." If the jurisdiction is invoked under either the first or second method, it becomes the duty of the commissioners to determine the question of "public necessity" for such road, "in any manner they deem proper;" if invoked by the third method, the petition is sufficient, in itself, and "shall be conclusive evidence of the public necessity therefor."

(Syllabus by Brewer, C.)

*Error from District Court, Harper County;*

*R. H. Loofbourrow, Judge.*

Condemnation proceedings by the Board of County Commissioners of the County of Harper against M. T. Day. A demurrer to the petition was sustained, and plaintiff brings error. Reversed and remanded.

*D. P. Parker,* Co. Atty., and *A. H. Walker,* for plaintiff in error.

*Charles Swindall,* for defendant in error.

BREWER, C. The board of county commissioners of Harper county filed in the district court a petition for the purpose of condemning a right of way for a dirt road across the corner of lands belonging to M. T. Day, the defendant in error. The court sustained a general demurrer challenging the sufficiency of the petition, and the commissioners, through the county attorney, refused to amend their petition, the same was dismissed. The statute involved here is as follows:

"Comp. L. 1909, sec. 7755. Whenever there is public necessity therefor, the county commissioners shall upon the petition of the township board or upon the petition of the resident freeholders of the township, open and establish any public road in such township along the most practicable lines with due regard to the distance between objective points, cost of construction and maintenance and cost of right of way. The county commissioners shall in any manner they deem proper, determine the public necessity for such road: provided, however, that whenever a majority of the resident freeholders of any municipal township, who are legal voters, shall petition the county commissioners to open and establish any public road in said township, they shall do so by any lawful method and such petition shall be conclusive evidence of the public necessity therefor." (Section 7553, Rev. L. 1910.)

The only question involved here is that of the sufficiency of the petition; and this is still further narrowed down to the precise point of whether or not it was necessary, to give the commissioners jurisdiction to act, that a petition, signed by a majority of the qualified voters of the township, should be filed with the board. The precise question is stated in defendant in error's brief as follows:

"Said petition did not allege that the board of county commissioners were petitioned by the township board to open and establish a public road, and did not allege that the board of county commissioners were petitioned by majority of the freeholders who are legal voters to open such road."

This has the effect of admitting that all of the other necessary

averments were contained in the petition, and therefore it will not be necessary to discuss any of them, save only the one point that the petition does not aver that a majority of the freeholder voters of the township signed the petition, upon which the board acted. With this situation in mind, it is obvious that the point depends solely upon the proper construction of the statute above quoted. Upon a careful reading the the same, it seems plain to us that it was the intention to create three different methods, under any one of which the commissioners might be called upon to act in the premises. It will be borne in mind that this section is dealing with the establishment of roads, other than on section lines, in such places as the "public necessity" may require; and, to bring the machinery of the law into action, it is provided that, "whenever there is public necessity therefor," the county commissioners shall act. In the first place, their action will be called forth, "upon the petition of the township board." In the second place, "upon the petition of the resident freeholders of the township." Upon a petition from either of these sources the commissioners have authority to open a public road in such township, "along the most practicable lines with due regard to the distances' between objective points, costs of construction and maintenance and costs of right of way." However, it is manifest that, when the board's action is invoked in either of these methods, it becomes the duty of the board to determine the fact of "public necessity," for the act says "the county commissioners shall in any manner they deem proper, determine the public necessity for such road." But the act continues and provides another method for calling into action the power of the board in this matter, by providing "that whenever a majority of the resident freeholders of any municipal township, who are legal voters, shall petition" for the opening of a road in that township, the commissioners shall proceed to do so in any manner authorized by law, and establishes, in such event, a conclusive test as to public necessity, by adding, "and such petition shall be conclusive evidence of the public necessity therefor."

Therefore it seems to us that it necessarily follows that, if the jurisdiction of the board is invoked by either of the first two named methods, the question of "public necessity" is left open to be determined by the commissioners from all of the circumstances surrounding the case; but that, under the third method provided in the statute—that is, where a majority of all the legal voters in the township may so petition—such a petition establishes, in itself, the "public necessity" for the road. In other words, that when a majority of the voters of a township petition for a road, in a certain place, it is sufficient, in itself, to require the commissioners to so decide and declare. This being correct, it follows that the petition in this case was sufficient, because the powers of the board were put in motion under the second method proposed in the statute where a petition was filed by resident voters of the township, and upon which the commissioners viewed the road, and determined for themselves from the surrounding circumstances, and a view of the situation, that the "public necessity" required the same. That the board so acted is fully shown in the petition and the exhibit of proceedings made part of it.

This leads us to conclude that the petition, being admittedly good on all other averments, was sufficient without the averment that the petition for the road was signed by a majority of the voters of the township. This leads to a reversal of the case, with remand and directions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.